CLERK'S OFFICE U.S. ... COURT
AT ROANOKE, VA
FILED

SEP 15 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

HARRY A. CUTCHIN,         )
      Petitioner,         )     **Civil Action No. 7:06-cv-00010**
                    )
**v.**                    )     **MEMORANDUM OPINION**
                    )
**EDDIE PEARSON,**      )     **By: Hon. James C. Turk**
      Respondent.    )     **Senior United States District Judge**

Petitioner Harry A. Cutchin, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.[1] Cutchin is confined pursuant to a September 11, 2001, judgment of the Circuit Court for the City of Charlottesville, wherein he was convicted of robbery and sentenced to life in prison. As grounds for relief, Cutchin alleges ineffective assistance, trial court error, prosecutorial misconduct and insufficiency of the evidence. The respondent has filed a motion to dismiss to which petitioner has responded, making the matter ripe for the court's consideration.[2] Upon review of the record, the court concludes that the motion to dismiss must be granted.

## I. Background

A grand jury in the City of Charlottesville returned an indictment on June 21, 1999, charging that Harry Alphonso Cutchin "did unlawfully and feloniously, with the intent to steal, take property from the person, or in the presence of Donald Chesworth by striking or beating Donald Chesworth" on April 27, 1999, in violation of Virginia Code §18.2-58 and § 19.2-297.1. Under the latter statutory section, Cutchin was subject to a mandatory sentence of life in prison if the jury found that

---

[1] Petitioner originally filed his action in the United States District Court for the Eastern District of Virginia. It was transferred here because the court that imposed the judgment under challenge is located in this district.

[2] Respondent prepared a motion to dismiss in March 2006, sent a paper copy to petitioner, and filed an electronic version with the court. When submitting the electronic version of the motion, however, respondent inadvertently submitted pleadings for a previous case he had argued in this court. In May 2006, the court granted respondent's motion to substitute the proper electronic document. Having no indication that the timely motion to dismiss served on petitioner in March is any different than the electronic version of the motion to dismiss submitted for the court's record in May 2006, the court overrules petitioner's objections to the substitution.

Case 7:06-cv-00010-JCT-mfu   Document 20   Filed 09/15/06   Page 1 of 14   Pageid#: 336

he had previously been convicted of two violent felonies. Cutchin first stood trial February 4-16, 2000. The jury found him guilty of robbery, but could not reach a unanimous verdict as to sentence. The court declared a mistrial and reset the case for trial in August 2000. On August 30, 2000, in a bifurcated proceeding, the jury first found Cutchin guilty of robbery and then also found that he should be sentenced to life imprisonment. After preparation of a presentence report and conduct of a sentencing hearing on September 11, 2001, the court imposed the sentence recommended by the jury.

Cutchin appealed his conviction and sentence. The Court of Appeals of Virginia dismissed four of the five issues raised and granted the appeal on the remaining issue. After hearing argument, the court affirmed Cutchin's conviction on November 26, 2002, and denied his petition for rehearing en banc on January 7, 2003. The Supreme Court of Virginia refused Cutchin's subsequent petition for appeal and denied his petition for rehearing. On August 18, 2003, Cutchin filed a petition for a writ of habeas corpus in the Circuit Court for the City of Charlottesville. The circuit court dismissed the petition on March 29, 2005. The Supreme Court of Virginia refused Cutchin's habeas appeal on September 20, 2005.

In his federal petition, Cutchin alleges the following grounds for relief:[3]

A.  Petitioner was denied adequate review on appeal because the circuit court clerk failed to transmit the trial transcript to the appeals court and the Supreme Court of Virginia ignored its own rule.

B.  Trial counsel provided ineffective assistance in that:

> A1.  Counsel allowed petitioner to be sentenced under a statute that did not apply to him;

> B1.  Counsel failed to object to the prosecutor's statement, in response to a question from a juror during <u>voir dire</u>, that the sentencing range for petitioner's offense was from

---

[3]Cutchin's federal petition uses a combination of letters and numbers in designating his claims, while respondent at times uses the designations Cutchin used in his state habeas petition. The court will use the designations in Cutchin's federal petition with minor variations for clarity's sake.

2

five years to life in prison;

B2. Counsel did not object or make a motion for a mistrial after petitioner brought to his attention the fact that a juror was sleeping;

B3. Counsel failed to argue for an instruction on robbery in the second degree in front of the jury;

B4. Counsel conspired with the Commonwealth to withhold portions of transcripts related to a sleeping juror;

B5. Counsel failed to object to the Commonwealth's exclusion of Juror Lynch because he had dreadlocks and Juror Haywood because she was black;

B6. Counsel failed to object when the court allowed a juror to use a cell phone during deliberations;

C. The trial judge erred because:

CA. He did not declare a mistrial when jurors were discovered sleeping;

CB. He failed to question the jurors who had been sleeping to see if they had missed any of the trial evidence;

CC. He increased petitioner's punishment without notice before trial;

CD. He enhanced petitioner's sentence based on two prior convictions that occurred before the 1994 enactment of the three-strike statute, in violation of ex post facto protections;

CE. He instructed the jurors with respect to principal in the second degree of robbery and concert of action, which were not applicable to petitioner;

CF. He made prejudiced and biased remarks;

CG. He coerced the jury into finding petitioner guilty by giving an improper instruction;

D. The prosecution was guilty of misconduct because

1. It excluded Juror Lynch and Juror Hayward on the basis of race;

E1. The jury erred by not following the judge's instructions; and

3

E2.    The evidence was insufficient to support the conviction.

## II. Procedurally Defaulted Claims

Respondent argues that a number of Cutchin's claims are barred from federal habeas review under the principles of procedural default. The court must agree.

Cutchin exhausted state court remedies as to all but one of his claims by presenting them to the Supreme Court of Virginia, either on direct appeal or in habeas proceedings. Cutchin did not present the following claim to the state courts as required for exhaustion: Claim BA1, alleging that counsel erred in allowing petitioner to be sentenced under a statute that did not apply to him. Any new petition he filed raising this claim now would be dismissed by the state courts under Virginia Code § 8.01-654(B)(2), Virginia's prohibition against successive petitions, because he knew the facts necessary to bring this claim when he filed his previous state habeas petition, or under Virginia Code § 8.01-654(A)(2), because more than one year has elapsed since completion of his appeal proceedings and more than two years has passed since his conviction. Because the state courts would now find Claim BA1 to be procedurally defaulted, this court is precluded from addressing it on the merits, absent a showing of cause and prejudice or actual innocence to circumvent the default. Gray v. Netherland, 99 F.3d 158, 163 (4th Cir. 1996); Pope v. Netherland, 113 F.3d 1364, 1372 (4th Cir. 1997) (finding § 8.01-654(B)(2) to be adequate and independent state law ground barring federal habeas review). As Cutchin makes no such showing, the court will grant the motion to dismiss as to Claim BA1.

Claim BB6 (alleging ineffective assistance for failure to object regarding a juror's use of a cell phone during deliberations) is also procedurally defaulted. Cutchin presented it to the Supreme Court of Virginia in an amendment during habeas proceedings, but did not include it in his circuit court habeas petition or in his original habeas appeal petition. Virginia habeas rules require that a habeas petition must "contain all allegations the facts of which are known to the petitioner at the time of filing." Virginia Code § 8.01-654(B)(2). Furthermore, unless petitioner receives leave of court, only two pleadings are allowed in habeas proceedings under Virginia law: an "application and a

4

responsive pleading." Rule 5:7 of the Supreme Court of Virginia. Under these rules, Cutchin's amendment during the habeas appeal was not timely, and the court denied the amendment. The limitations on habeas pleadings are an independent and adequate state procedural ground for denial of the claim. See Taylor v. Murray, 855 F. Supp. 124, 126 (E.D. Va. 1994); Mallory v. Smith, 27 F.3d 991, 995-96 (4th Cir. 1994) (supplemental pleading not technically proper to place habeas issue before Virginia Supreme Court could not satisfy exhaustion requirement). Cutchin fails to show cause for his failure to raise Claim B6 in his circuit court petition. Therefore, the claim is procedurally barred from federal habeas review and must be dismissed accordingly. Gray, 99 F.3d at 163.

During habeas proceedings, the circuit court ruled that the following claims were procedurally defaulted under the rule of Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974): Claims CA, CB, CD, CF, CG, D1, D2, and E1. Under Slayton, claims which could have been raised on direct appeal, but were not raised, cannot be raised in a state habeas petition. Id. The Fourth Circuit has recognized that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196 (4th Cir. 1997). Cutchin does not show cause or prejudice or demonstrate actual innocence so as to circumvent his default of these claims. Accordingly, the court must dismiss them as procedurally barred under Slayton. Harris v. Reed, 489 U.S. 255, 262 (1989).

The state habeas courts also found that Claim CE was procedurally defaulted under Slayton. As the Supreme Court of Virginia addressed this claim on the merits during direct appeal proceedings, however, Cutchin had already fully exhausted state court remedies and was not required to raise the claim again in his habeas petition. See Castille v. Peoples, 489 U.S. 346, 350 (1989). Therefore, this court cannot find that this claim defaulted under Slayton.

Claims CE and E2 are defaulted under a different principle of state law, however. On direct appeal, the Court of Appeals of Virginia dismissed these claims because petitioner failed to file the transcripts of the trial testimony as part of the circuit court record on appeal. Rule 5A:8 of the

5

Supreme Court of Virginia provides that "[t]he transcript of any proceeding is part of the record when it is filed in the office of the clerk of the trial court within 60 days after entry of the final judgment." The Court of Appeals of Virginia

> [has] established a firm policy concerning the filing of transcripts: "If . . . the transcript is indispensable to the determination of the case, then the requirements for making the transcript a part of the record on appeal must be strictly adhered to. [The court of appeals] has no authority to make exceptions to the filing requirements set out in the Rules."

Smith v. Commonwealth, 531 S.E.2d 11, 14 (Va. App. 2000) (citing Turner v. Commonwealth, 341 S.E.2d 400, 402 (Va. App. 1986)). It is the appellant's burden to provide the appellate court with a record that substantiates the claim of error. See Jenkins v. Winchester Dep't of Soc. Servs., 409 S.E.2d 16, 20 (Va. App. 1991).

The court of appeals expressly found that the circuit court record in Cutchin's case did not include a transcript of the evidence presented at trial or a written statement of facts. To determine whether the supplemental instructions were properly given (federal Claim CE), the court needed to review the evidence to see if it raised the issues addressed by the instructions. The court also needed to review the trial evidence to determine Cutchin's claim that the evidence was not sufficient to support the conviction (federal Claim E2). As the transcript of the trial testimony was indispensable to determination of these claims, the court of appeals dismissed them because the appellant had not made the necessary transcript part of the circuit court record for the appeal.

As stated, absent a showing of cause and prejudice or a miscarriage of justice, a federal habeas court is barred from review of constitutional claims when a state court has refused to consider their merits based on an adequate and independent state procedural rule. See Harris, 489 U.S. at 262. A state procedural rule is "adequate" if it is regularly or consistently applied by the state court, see Johnson v. Mississippi, 486 U.S. 578, 587 (1988), and is "independent" if it does not "depend[ ] on a federal constitutional ruling, Ake v. Oklahoma, 470 U.S. 68, 75 (1985). An unambiguous court rule is always firmly established for purposes of procedural default. Weeks v. Angelone, 176 F.3d 249, 270 (1999). To bar federal habeas review of a federal claim, a state procedural rule must also

6

serve a legitimate state interest. See Lee v. Kemna, 534 U.S. 362, 378 (2002).

Respondent argues that this court should enforce the indispensable transcript rule, Rule 5A:8 of the Supreme Court of Virginia, as an independent and adequate state procedural ground for dismissal of Cutchin's federal claims. Smith and Turner indicate that the rule is well established and regularly enforced when the trial transcript has not been properly filed as part of the circuit court trial record. 531 S.E.2d at 14; 341 S.E.2d at 402. Cutchin offers no evidence that Virginia courts make exceptions to the rule. See also Estrada v. Witkowski, 816 F. Supp. 408 (D.S.C. 1993) (finding that federal habeas claims were procedurally barred by petitioner's default of state court requirement to file transcripts in support of claims in petition for certiorari). Clearly, the rule serves a legitimate state interest, as the appellate court cannot decide the claims without the transcript, and the rule places the burden squarely on the litigant to make the transcript part of the circuit court record. Therefore, the court finds that the rule is an independent and adequate state law ground for dismissal.

Furthermore, in Cutchin's case, the Virginia courts made factual findings that the transcript of the trial evidence was not properly filed as part of the circuit court record.[4] Absent clear and convincing evidence to the contrary, this court must presume the state courts' factual findings to be correct. See 28 U.S.C. § 2254(e)(1). Cutchin fails to offer any additional evidence that the transcript of the trial evidence was properly filed with the circuit court clerk's office so as to make that transcript part of the trial record under Virginia law. Moreover, the Table of Contents for the circuit court record does not include any entry indicating that the full trial transcript was ever filed with the clerk's office, and the records sent to this court for review of the federal habeas petition did not

---

[4]As stated, the Court of Appeals dismissed Claims CE and E2 because the transcript of the trial evidence was not part of the circuit court record. In support of a motion for reconsideration of this decision, Cutchin's appellate counsel submitted an affidavit explaining the bases for his belief that the court reporter had properly filed this transcript with the circuit court. The Court of Appeals' denial of the motion for reconsideration rested on an implicit factual finding that the transcript of the evidence was not properly filed. The Supreme Court of Virginia dismissed Cutchin's subsequent appeal based on this same implicit finding.

7

include the transcript.[5]

Cutchin fails to show cause for failing to file the trial transcript properly in the circuit court. He also fails to make a colorable claim of actual innocence so as to circumvent this default. <u>See Bousley v. United States</u>, 523 U.S. 614, 623 (1998) (actual innocence sufficient to excuse procedural default requires showing that "it is more likely than not that no reasonable juror would have convicted" petitioner if jurors had received specific, reliable evidence not presented at trial) (citing <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995)). Therefore, the court must dismiss Claims CE and E2 as procedurally barred from federal habeas review.[6]

### III. Claims Addressed under § 2254(d)

The court must review Cutchin's remaining claims petition under the standards set forth in 28 U.S.C. § 2254(d) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[5] According to the Table of Contents for the circuit court record, transcripts of excerpts of the trial proceedings were filed in October 2000 and January 2001, an addendum to the trial transcript was filed in June 2001, and a transcript of a June 26, 2001, motions hearing was filed in August 2001. Three excerpts of the transcript were submitted in the parties' joint appendix in habeas appeal proceedings: portions of trial proceedings from August 29, 2000 (parts of voir dire proceedings); August 30, 2000 (exhibits and testimony concerning Cutchin's prior convictions); and June 26, 2001 (discussion of the prosecutor's voir dire statement about possible sentence range). These exhibits clearly reflect that the full trial transcript was prepared before the June 2001 hearing. The record does not reflect, however, that the transcript of the trial evidence itself was filed with the circuit court.

[6] In any event, the court is also satisfied that Cutchin's claims CE and E2 would fail on the merits. From the portions of the transcript included in the record, it is clear that the trial judge believed the footage from the ATM surveillance video and the victim's testimony provided sufficient evidence to support the jury's verdict finding Cutchin guilty of robbery either by himself or as a principal in the second degree. <u>See</u> Tr. 6-21-01 at 11-14 (submitted as exhibit to motion to dismiss in circuit court habeas proceedings). The verdict indicates that the jurors did not believe Cutchin's testimony offering his version of events. Cutchin's own belief that the victim's testimony was inconsistent does not prove that the evidence of guilt was legally insufficient, as it is the jury's duty to resolve credibility issues.

8

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." <u>Williams v. Taylor</u>, 529 U.S. 362, 411 (2000).

## A. Alleged Appellate Court Error

In Claim A, Cutchin argued to the Supreme Court of Virginia that the Court of Appeals erred in dismissing Claims CE and E2 because no transcript of the trial evidence was filed. Cutchin asserts that this dismissal violated Rule 5A:10(D) of the Rules of the Supreme Court, which provides that no appeal should be dismissed due to the failure of the clerk of the trial court to transmit the record. The Supreme Court of Virginia refused the petition for appeal.

Respondent argues that this claim should be dismissed because in the state court petition for appeal, Cutchin argued only a violation of state law. Upon review of the record, the court must agree. A violation of state law cannot be a ground for federal habeas relief under § 2254. Moreover, this court cannot second guess the state court's determination on a matter of state law, in this case, whether the court of appeals violated Rule 5A:10(D). <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991). Finally, as stated, the court must presume the state courts' factual findings correct that the transcript of the trial evidence was not made part of the circuit court record. § 2254(e)(1). The circuit court clerk could not send a transcript that was not part of the record. Claim A must be dismissed.

## B. Alleged Inadequate Notice of Sentence Enhancement

In Claim CC, Cutchin alleges that the court improperly enhanced his sentence for robbery because the Commonwealth did not file a notice thirty days before trial that the prosecution would seek such an enhancement. The Court of Appeals of Virginia addressed this claim at length and dismissed it on the merits, and the Supreme Court of Virginia dismissed Cutchin's appeal without

9

comment. The court of appeals held that the notice requirement under Virginia Code § 19.2-297.1 is procedural in nature, designed to provide defense counsel with the opportunity to know in advance what convictions the Commonwealth intends to introduce so that counsel can investigate their validity and prepare for trial. It is undisputed that the Commonwealth filed proper notice before Cutchin's first trial that the prosecution would seek an enhanced sentence. Cutchin's attorney for the second trial indicated that he was well aware of that prior notice and of the fact that the Commonwealth intended to seek enhanced punishment at the second trial as well. He stated that failure to receive a new notice thirty days before the second trial did not affect his trial preparation. Therefore, the state courts held that the trial court had not erred in ruling that the Commonwealth had provided sufficient notice of the intent to seek enhanced punishment.

To the extent that this claim raises a federal issue, this court cannot find that the state courts' disposition was contrary to, or an unreasonable application of, federal law or based on an unreasonable determination of the facts. Cutchin does not point to any respect in which his defense at the second trial was prejudiced by the fact that the Commonwealth did not issue a second notice under Virginia Code § 19.2-297.1. Moreover, this court cannot overturn the state courts' determination on this issue of state law. Estelle, 502 U.S. at 67-68. Claim CC must be dismissed.

## C. Ineffective Assistance Claims

To prove that his counsel's assistance at trial or sentencing or on appeal was so defective as to require reversal of his conviction or sentence, a convicted defendant must meet a two prong standard, showing both counsel's defective performance and resulting prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, he must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances as they existed at the time of the representation. Id. at 687-88. Petitioner must overcome a strong presumption that counsel's performance was within the range of competence demanded from attorneys defending criminal cases. Id. at 689. Even if he shows that counsel performed incompetently, petitioner is not entitled to habeas relief unless he can satisfy the second Strickland prong by showing that counsel's errors

10

"actually had an adverse effect on [petitioner's] defense." Id. at 693. At a minimum, petitioner must demonstrate "a reasonable probability" that but for counsel's unprofessional errors, the result reached by a reasonable and impartial fact finder would have been different. Id. at 694-95. If it is clear that petitioner has not satisfied one prong of this Strickland test, the court need not inquire whether he has satisfied the other prong. Id. at 697.

**Claim BB1**

In this claim, Cutchin complains that counsel should have objected when the prosecutor told prospective jurors that the sentencing range for the charged offense was from five years to life in prison. Cutchin argues that mention of anything less that the mandatory life sentence to which he was subject under Virginia Code § 19.2-297.1 was inaccurate and may have encouraged jurors to find him guilty. The circuit court addressed this claim on the merits during habeas proceedings and dismissed it under Strickland. (Final Order dated 3-31-05, at 2). The court noted that the prosecutor's statement was correct for the guilt phase and that Cutchin was not entitled to have jurors consider the possibility of a mandatory life sentence while they deliberated on his guilt or innocence "in hopes that it would lead to acquittal." See Wall v. Commonwealth, 563 S.E.2d 384, 388 (Va. App. 2002) (finding that right to due process does not entitle party to seek jury nullification). The court also noted that according to the trial transcript, jurors were "properly qualified and free from exceptions."

This court cannot find that the state courts' disposition was unreasonable under Strickland. A range of punishment (five years to life imprisonment) was available to Cutchin until the jury found beyond a reasonable doubt during the guilt phase of the bifurcated trial that his prior convictions fell within the scope of § 19.2-297.1. Only at that point was he subject to a mandatory life sentence. Thus, the prosecutor's statement during voir dire was not inaccurate or objectionable. Moreover, petitioner has not demonstrated any reasonable likelihood that absent counsel's failure to object to the prosecutor's statement, the outcome of the trial would have been different. Pursuant to § 2254(d), the court must dismiss Claim BB1.

11

**Claim BB2**

Cutchin argues here, as he did in state habeas proceedings, that counsel did not move for a mistrial after Cutchin told him that a juror had been sleeping. The circuit court found that the addendum to the transcript of August 30, 2000, established that counsel alerted the judge to the allegations that a juror had been sleeping, and after questioning the juror, the judge determined that the juror had not been sleeping. The circuit court dismissed the claim under both prongs of Strickland. This court cannot find the state courts' disposition of this claim to be unreasonable. Once the judge had found that the juror was not sleeping, counsel had no ground on which to move for a mistrial and his failure to make such a motion did not prejudice Cutchin's defense. Even now, Cutchin does not point to any critical evidence that the juror might have missed if he had been sleeping at the time he appeared to be doing so. Pursuant to § 2254(d), the court must dismiss this claim.

**Claim BB3**

Cutchin alleged in the state court petition that counsel was ineffective for failing to argue for an instruction on robbery in the second degree. Cutchin also uses awkward wording for his federal claim, but in both courts, he clearly intended to complain that counsel should have objected when the court instructed jurors that Cutchin could be convicted of robbery if they found that he was a principal in the second degree or that he acted in concert with others who committed the robbery. The circuit court first dismissed the claim, finding that there was no such crime as robbery in the second degree. The court went on, however, to find that counsel did object to the supplemental instructions on principal in the second degree and concert of action and thus concluded that counsel's conduct was not deficient. The court also found that Cutchin had no right to have his case heard by jurors not properly instructed on the law of accomplice liability.

This court cannot find that the state courts' disposition of this claim was unreasonable under Strickland. For the reasons stated by the circuit court's opinion, the instructions were proper. Moreover, counsel had no valid objection that he was not notified of the alternative theory that

12

Cutchin was guilty of the robbery as an accomplice. Virginia Code § 19.2-297.1(a)(iii) expressly states that a defendant convicted of a qualifying felony as a principal in the second degree may be subject to the enhanced punishment under the statute. Pursuant to § 2254(d), the court must grant the motion to dismiss as to Claim BB3.

**Claim BB4**

Cutchin complains that counsel conspired to omit portions of transcript related to the allegedly sleeping juror. The circuit court found that because any omissions were corrected and these portions of the trial transcript were subsequently produced, Claim BB4 was frivolous. The court finds this disposition to be reasonable under Strickland. Cutchin fails to demonstrate any prejudice whatsoever stemming from the fact that he did not receive certain portions of the transcript until later. The court must dismiss this claim, pursuant to § 2254(d).

**Claim BB5**

When the court asked if serving on Cutchin's trial would create hardship for any of the prospective jurors, Juror Lynch spoke up and explained that he would miss his first classes of the semester at two colleges. Cutchin's counsel objected to dismissing Lynch, as the student had indicated he could likely make up his classes. The court nevertheless determined that this situation demonstrated hardship, dismissed the juror for cause, and implemented the prosecutor's suggestion that Lynch be replaced by another black juror from the panel. The circuit court in habeas review found from these facts that Lynch was not excluded because of racial bias. The prosecutor used a peremptory strike to remove the replacement, Juror Haywood, because she indicated during the court's questioning that her religious beliefs did not allow her to judge others. Haywood did indicate that she could put aside her religious convictions, sit on the jury, and render a verdict in Cutchin's case, but the prosecutor argued that her hesitation and her inability to say immediately that she could do these things caused him to worry that she would not be able to render a sentence. The circuit court found this reason for the strike to be race-neutral in satisfaction of the requirements of Batson v. Kentucky, 476 U.S. 79 (1986).

13

Cutchin argues that as Lynch had no hardship whatsoever, counsel should have argued that the court was dismissing Lynch because he had dreadlocks. Cutchin also argues that the stated reason for striking Haywood was false. The transcript of voir dire offers no support for these claims, and Cutchin offers no other evidence that these jurors were dismissed on the basis of race. The court cannot find that the state courts' disposition of Claim BB5 was unreasonable under Strickland and dismisses the claim, pursuant to § 2254(d).

## IV. Conclusion

In conclusion, the court determines that the motion to dismiss must be granted. Cutchin's federal habeas claims are either procedurally barred from federal habeas review or must be dismissed on the merits, pursuant to § 2254(d). An appropriate order shall be issued this day dismissing the petition.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253©. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 30 days of the date of entry of this opinion an order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

ENTER: This _14th_ day of September, 2006.

James C. Turk

Senior United States District Judge

14